IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOWARD D. KISNER, JR.                                                      PLAINTIFF

v.                        CIVIL NO. 05-4051

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

## **MEMORANDUM OPINION**

Howard Kisner, Jr. ("hereinafter "plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claims for period of disability and disability insurance benefits (hereinafter "DIB"), under the provisions of Title II of the Social Security Act (hereinafter "the Act"). Plaintiff has filed a motion to introduce new evidence, seeking to have his case remanded to the Commissioner for consideration of this evidence. (Doc. # 7, 8). Defendant has submitted an appeal brief and response in opposition to plaintiff's motion. (Doc. # 9).

**Background:**

Plaintiff filed his application for DIB on May 7, 2003, alleging an inability to work since January 15, 2000, due to peripheral vascular disease, degenerative arthritis, degenerative disc disease, chronic obstructive pulmonary disease, migraines, and a heart condition. (Tr. 13, 49-51, 232). The ALJ, in a written decision dated February 24, 2005, concluded that plaintiff was not disabled. (Tr. 13-20). The ALJ concluded that plaintiff's peripheral vascular disease, disorders of the back, chronic obstructive pulmonary disease, and migraines were considered severe impairments, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P,

Regulations No. 4. (Tr. 19). Accordingly, he determined that plaintiff maintained the residual functional capacity ("RFC") to lift and/or carry ten pounds occasionally and five pounds frequently, stand ten minutes and walk thirty minutes for a total of two hours during an eight-hour workday, sit for twenty-five minutes and up to six hours during an eight-hour workday, and occasionally stoop. (Tr. 20). The ALJ then found that plaintiff's RFC did preclude him from performing his past relevant work as chief scientist. (Tr. 19-20).

Plaintiff requested Appeals Council review, which the Council denied on June 9, 2005. (Tr. 5-8). Plaintiff submitted additional evidence to the Appeals Council on June 1, 2005. (Tr. 247). The new evidence was not originally associated with the Appeals Council's file, and was not considered in their June 9, 2005, decision. (Tr. 246). However, in an August 30, 2005 letter, the Appeals Council stated that they had considered the new evidence, but concluded that it did not provide a basis for changing the ALJ's decision. (Tr. 246).

**Discussion:**

The evidence with which plaintiff now moves to supplement the record consists of medical records from Dr. Aaron Trachte, dated October 9, 2005, October 12, 2005, and October 16, 2005, documenting that plaintiff underwent quadruple coronary artery bypass grafting and epiaortic scanning of the ascending aorta on October 12, 2005. (Doc. # 7, Ex. A). These records, as well as the medical records contained in the administrative record, reveal that plaintiff was diagnosed with three vessel coronary artery occlusive disease, unstable angina, hypertension, hypercholesterolemia, and severe arteriosclerotic peripheral vascular disease of both lower extremities and carotids. (Doc. # 7, Ex. A, 249-269).

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides before this court was not available to plaintiff on February 24, 2005, when the ALJ issued his decision. Accordingly, it clearly constitutes "new" evidence. Next, we consider the issue of materiality. To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir. 1990). Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

Accordingly, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992). At the very least, this new and material evidence, when considered by the undersigned, causes the court to believe there is a

reasonable likelihood it would have changed the Commissioner's decision. *Woolf,* 3 F.3d at 1215. Therefore, on remand, the ALJ is directed to properly consider this evidence.

On remand, the ALJ is also directed to consider all of plaintiff's impairments in combination. In evaluating claims for disability, the Commissioner is directed to consider plaintiff's impairments, singularly and in combination, and then determine whether plaintiff's combination of impairments meets or equals an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404, and whether the combination of impairments prevents the claimant from doing her PRW. *See* 20 C.F.R. §404.1520(a)-(g).

In light of this new and material evidence, we further recommend that the ALJ direct interrogatories to plaintiff's treating/examining physicians inquiring as to the exact limitations plaintiff experiences as a result of his impairments and the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Further, we strongly suggest that, during the proceedings on remand, plaintiff come forward with all relevant medical evidence pertaining to the impairments he initially alleged before the ALJ. We remind plaintiff that medical records which show a new impairment or a deterioration of an existing condition will not be material to his instant application.

**Conclusion:**

Based on the foregoing, we hereby grant plaintiff's motion to introduce new evidence and remand this case to the Commissioner for consideration of additional medical evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 10th day of August 2006.

                                              /s/ Bobby E. Shepherd
                                              HONORABLE BOBBY E. SHEPHERD
                                              UNITED STATES MAGISTRATE JUDGE