IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOWARD D. KISNER, JR.                                 PLAINTIFF

v.                 Civil No. 05-4051

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                    DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Howard Kisner, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). Plaintiff also filed a Motion to Introduce New Evidence, seeking to have his case remanded for the consideration of this evidence (Doc. #7 & 8). On November 15, 2005, the Commissioner responded to the motion (Doc. #9). By Memorandum and Order entered August 10, 2006, the undersigned remanded the instant case to the Commissioner, pursuant to sentence six of *42 U.S.C. § 405(g)*, to allow her to consider the additional evidence (Doc. #10).

Plaintiff's attorney, Greg Giles, filed a Plaintiff's Application and Affidavit for Attorney's Fees Under 28 U.S.C. §2412 The Equal Access to Justice Act, hereinafter the "*EAJA*"), on August 16, 2006 (Doc. #12). The Commissioner responded on August 29, 2006 (Doc. #13).

Sentence six of § 405(g) provides in full:

"The court may, on motion of the Secretary made for good cause shown
before he files his answer, remand the case to the Secretary for further
action by the Secretary, and it may at any time order additional evidence
to be taken before the Secretary, but only upon a showing that there is
new evidence which is material and that there is good cause for the failure

to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Thus, the sixth sentence of *§ 405(g)*, as the United States Supreme Court explained in *Sullivan v. Finkelstein, 496 U.S. 617,626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990),* "describes an entirely different kind of remand" than a remand pursuant to sentence four of the statute. The district court does not affirm, modify, or reverse the Commissioner's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the plaintiff at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. *Ibid.* The statute provides that following a sentence six remand, the Commissioner must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." *42 U.S.C. § 405(g).*

The first sentence of *28 U.S.C. § 2412(d)(1)(B)* provides:

"A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." (Emphasis added.)

2

*Shalala v. Schaefer 509 U.S. 292, 295-296, 113 S.Ct. 2625, 2628 (1993)*. Here, plaintiff's counsel is not entitled to *EAJA* fees, at this point in time, because no "final judgment" has been entered.

This case was clearly remanded pursuant to sentence six, as opposed to sentence four, *42 U.S.C. § 405(g)*. In sentence six cases, the filing period for fee petitions under the *EAJA* does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs. *Shalala v. Schaefer 509 U.S. at 292, 113 S.Ct. at 2629*. Accordingly, immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand. See *Melkonyan v. Sullivan,111 S.Ct., at 2164-2165*.

Based upon the foregoing, it is considered, ordered and adjudged that Plaintiff's Application and Affidavit for Attorney's Fees Under 28 U.S.C. §2412 The Equal Access to Justice Act (Doc. #12), is premature. Accordingly, the application is denied.

ENTERED this 21st day of September, 2006.

      /s/ Bobby E. Shepherd
    HONORABLE BOBBY E. SHEPHERD
    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)